

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-7-2009

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3088

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 2067.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2067

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3088

_____

YI XIAN LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent

_____

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A77-644-965)

Immigration Judge:  Donald V. Ferlise

_____

Submitted under Third Circuit LAR 34.1(a)
October 28, 2008

BEFORE:  SLOVITER and GREENBERG, Circuit Judges,
and IRENAS, District Judge*

(Filed: January 7, 2009)

_____

OPINION OF THE COURT

_____

*The Honorable Joseph Irenas, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

GREENBERG, Circuit Judge.

This matter comes on before this Court on a petition for review of a decision and order entered June 21, 2007, by the Board of Immigration Appeals ("BIA") brought by petitioner Yi Xian Liu. Liu is a citizen of the People's Republic of China from Fujian Province who entered the United States in or about October 1999, and stayed although she was ineligible to do so. At that time she intended to seek asylum to avoid what she claimed was persecution in China because she is a Christian.

On November 12, 1999, Liu was ordered to appear before an immigration judge ("IJ"). Following a hearing, the IJ in a decision and order dated May 8, 2001, denied her application for asylum, withholding of removal, and protection under the Convention Against Torture. She appealed to the BIA which on March 11, 2003, dismissed her appeal. Liu did not file a petition for review of the March 11, 2003 decision and order. After completion of those initial proceedings Liu married and had two children in the United States.

On January 19, 2007, Liu filed a motion to reopen and a request to file a successive asylum application with the BIA. She explained in her application that:

> [Liu] now seeks to reopen her proceedings in light of a <u>change of conditions</u> in China and <u>new facts</u> that are <u>material and crucial</u>, but were <u>previously unavailable</u> to her. The material and crucial change of conditions in China pertains to the extent and severity of persecutive means employed to enforce the country's Population and Family Planning Laws (PFPL), as evidenced by the 2005 State Department Country Report on China. As a result of the change of conditions, time limitations do not bar [Liu's] motion.

App. at 17.

Liu filed numerous documents with her motion to reopen and request to file a successive asylum application, seven in the category of "Personal Evidence" and eleven in the category of "Background Information." The background information documents were as follows:

1. Policy statement from the Administrative Office of the National Population and Family Planning Committee;

2. Changle City Family Planning Q & A Handbook;

3. Testimony of Mr. John Aird on China's New Family Planning Law, dated September 23, 2002;

4. The consular information sheet, May 29, 2003;

5. 2004 country report (issued 2/28/2005);

6. 2005 country report (issued 3/8/2006);

7. Policy letter on the issue of identification of nationality from the Department of Public Security of the People's Republic of China;

8. Congressional -- Executive Commission on China (2005 Annual Report);

9. Testimony by Mr. Harry Wu before the Congress on December 14, 2004;

10. China shamed by forced abortions, Time Online (2005);

11. Who Controls the Family, Washingtonpost.com (2005).

On June 21, 2007, the BIA entered a decision and order denying Liu's application. In its decision denying the motion the BIA said that the motion was untimely under 8

3

C.F.R. § 1003.2(c)(2) and that Liu's having children born in this country did not constitute a change in circumstances arising in the country of her nationality that would create an exception to the time limitations on motions to reopen. It then indicated Liu had "not shown that country conditions in China have changed in a manner that materially impact[] eligibility for asylum." App. at 2. Liu then filed a petition for review with this Court.

The BIA had jurisdiction under 8 C.F.R. § 1003.2(c), and we have jurisdiction pursuant to 8 U.S.C. § 1252. We review the decision and order of the BIA on an abuse of discretion standard. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)

It is entirely possible that the BIA reached the correct result in this case. Unfortunately, however, in reaching its result the BIA did not take note of the fact that Liu had submitted numerous documents in support of her application as it did not discuss or even cite any of the materials that she submitted. We recognize, however, that the BIA did cite two of its cases, Matter of J-W-S-, 24 I & N Dec. 185 (2007), and Matter of C-C-, 23 I & N Dec. 899 (2006), for the point that Liu had "not shown that country conditions in China have changed in a manner that materially impacts her eligibility for asylum." App. at 2.

In Zheng v. Attorney General, No. 07-3122, __ F.3d __, 2008 WL 5006072 (3d Cir. Nov. 26, 2008), we found that the BIA's decision in that case was inadequate on a motion to reopen because an alien moving for a reopening was entitled to have at least

4

some recognition by the BIA that it considered his submissions. The BIA's decision did not meet this standard. Though we might regard the BIA's citation of J-W-S- and C-C- to be adequate to satisfy the Zheng standard if those cases substantially dealt with Liu's submissions, they addressed only a few of these documents and thus are insufficient to satisfy Zheng.

We reiterate that we do not suggest that the BIA reached the wrong result as we only question the methodology by which it reached its result. On remand it again might conclude that it should deny Liu's application and if it reaches that result it should do so.

For the foregoing reasons, we will grant the petition for review, vacate the BIA's order of June 21, 2007, and remand this case to the BIA for further proceedings consistent with this opinion in which it should consider the evidence that Liu presented and in its decision indicate that it has done so.